UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> DUSTIN KIRK, <br><br> Defendant. | 1:16-CR-10027-CBK <br><br> ORDER |

    Defendant is charged with theft from an Indian tribal organization in violation of 18 U.S.C. § 1163. He filed a motion to dismiss the indictment pursuant to Fed. R. Crim. P. 12(b). Defendant contends that the funds he is alleged to have stolen were loan proceeds which, he contends, belonged to him and therefore cannot be stolen. He contends that he merely failed to make monthly payments amounting to a breach of the promissory note.

    The criminal statute at issue punishes:

> Whoever embezzles, steals, knowingly converts to his use or the use of another, willfully misapplies, or willfully permits to be misapplied, any of the moneys, funds, credits, goods, assets, or other property belonging to any Indian tribal organization or intrusted (sic) to the custody or care of any officer, employee, or agent of an Indian tribal organization; or
>
> Whoever, knowing any such moneys, funds, credits, goods, assets, or other property to have been so embezzled, stolen, converted, misapplied or permitted to be misapplied, receives, conceals, or retains the same with intent to convert it to his use or the use of another.

18 U.S.C. 1163. An indictment is subject to attack if it fails to contain "a plain, concise, and definite written statement of the essential facts constituting the offense charge." Fed. R. Crim. P. 7(c)(1). The indictment in this case tracks the language of the statute and is sufficient. United States v. Tebeau, 713 F.3d 955, 962 (8th Cir. 2013).

    At trial, the government would be required to prove, *inter alia*, that the monies, funds, credits, goods, assets or other property which defendant is alleged to have stolen, knowingly converted to his use or the use of another, willfully misapplied, or willfully

permitted to be misapplied belonged to the Sisseton-Wahpeton Oyate Tribe. Defendant contends that, as a matter of law, he cannot "embezzle, steal, convert, or misapply" loan proceeds. In other words, he contends that the funds at issue did not belong to the Tribe but instead belonged to him, as a matter of law, at the time they were deposited into his account.

The indictment charges several alternative means of violating the statute. The statute is violated if, for example, the loan was advanced in violation of certain restrictions. See United States v. Janis, 556 F.3d 894, 899 (8th Cir. 2009). The statue is also violated where, although the funds were not fraudulently obtained, they were converted for other than their intended purpose. See United States v. Spear, 734 F.2d 1, 2 (8th Cir. 1984). Further, funds can be misapplied if they are used for a purpose other than authorized. See United States v. Falcon, 477 F.3d 573, 577-78 (8th Cir. 2007).

"Tribal funds disbursed continue to be 'property belonging to any Indian tribal organization' as long as the tribe maintains 'title to, possession of, or control over them.'" United States v. Aubrey, 800 F.3d 1115, 1126 (9th Cir. 2015) (*quoting* United States. v. Kranovich, 401 F.3d 1107, 1113 (9th Cir. 2005)). If the Indian tribal organization "exercises supervision and control over the funds and their ultimate use," the funds continue to belong to the tribal organization. *Id*.

Whether the funds at issue here belonged to an Indian tribal organization is a question for the jury. Defendant cannot challenge the sufficiency of the evidence by pretrial motion.

Now, therefore,

IT IS ORDERED that the defendant's motion, Doc. 27, to dismiss the indictment is denied.

DATED this 18th day of July, 2017.

BY THE COURT:

*Charles B Kornmann*

CHARLES B. KORNMANN
United States District Judge